UNITED STATES of America,
Plaintiff–Appellee

v.

Charles Elgin STANLEY,
Defendant–Appellant.

No. 04–31090.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 13, 2005.

Martha Jean Levardsen, Assistant U.S. Attorney, Josette Louise Cassiere, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Robert S. Noel, II, Anzalone, Parker & Noel, Monroe, LA, for Defendant–Appellant.

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Charles Stanley appeals from the district court's revocation of his supervised release for failure to pay court-ordered restitution for child support payments. Stanley argues that the district court erred in revoking his supervised release because he is indigent. He further argues that the court's revocation violates his right to Equal Protection under the Fifth Amendment.

The Government argues that, due to Stanley's release and the fact that he is no longer subject to any further term of supervised release, Stanley's appeal is moot.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987); *see Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Because the record reflects that Stanley has been released and is not subject to any term of supervised release, there is no case or controversy for this court to address. *Cf., United States v. Gonzalez,* 250 F.3d 923, 928 (5th Cir.2001).

APPEAL DISMISSED AS MOOT.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.